JS-6

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES – GENERAL**</u>

Case No. SACV 10-169 DOC                                                      Date: August 3, 2012
        SACR 05-124 DOC

Title: <u>ROBERT O'CAMPO V. UNITED STATES OF AMERICA</u>

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>Julie Barrera</u>                         <u>  N/A  </u>
Courtroom Clerk                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

     Before the Court is *pro se* Petitioner Robert O'Campo's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (the "Motion"). Mot. (Dkt. 1). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, and for the reasons stated below, the Court hereby DENIES the Motion.

**I.    Background**

     On March 20, 2006, Petitioner Robert O'Campo ("Petitioner") was convicted by a jury of violating 21 U.S.C. § 846 for conspiring to possess with intent to distribute methamphetamine. Mot. (Dkt. 1) at 2. Although the indictment only charged Petitioner with possessing "50 grams or more," the jury returned a special finding that Petitioner had possessed 150 grams or more of methamphetamine. Mot. (Dkt. 1) at 24-25. Because Petitioner's offense involved more than 50 grams of methamphetamine, the Pre-Sentence Report noted that Petitioner faced a mandatory minimum sentence of 10 years. Opp'n No. 05-124 (Dkt. 1022) at 4. The Court, relying on a variety of factors including the Federal Sentencing Guidelines and the Probation Office's Pre-Sentence Report, sentenced Petitioner to 292 months imprisonment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-0169 DOC                                            Date: August 3, 2012
           SACR 05-0124 DOC                                                          Page 2

---

      Petitioner appealed his sentence to the Ninth Circuit in 2008 on the grounds that the Court erred in applying a two-level sentence enhancement and also that his sentence was unreasonable. *United States v. Ocampo*, 265 Fed. App'x 680 (9th Cir. 2008). Petitioner, through his counsel, argued that the two-level enhancement should not apply because the government did not establish that Petitioner ever possessed a firearm. Petitioner also argued that his sentence was unreasonable based on the disparity between his sentence and the sentences of the other co-defendants. *Id*. at 681. Ultimately, the Ninth Circuit affirmed Petitioner's sentence, approving this Court's application of the two-level sentence enhancement and finding that the 292 month term of imprisonment was reasonable. *Id*. The Supreme Court denied the petition for writ of certiorari on January 21, 2009. *Ocampo v. United States*, 555 U.S. 1148, 129 S.Ct. 1026 (2009).

      On January 19, 2010, Petitioner filed the present motion to vacate, set aside, or correct a federal sentence based on violations of his Fifth and Sixth Amendment rights. Mot. (Dkt. 1).[1]

## II.    Legal Standard

      A motion to vacate, set aside, or correct sentence of a person in federal custody pursuant to 28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). If the motion combined with the files and records of the case conclusively show that the prisoner is not entitled to relief, no evidentiary hearing on the issues is warranted. *See id.*

      The standard of review of § 2255 petitions is "stringent" and the court "presumes earlier proceedings were correct." *United States v. Nelson*, 177 F. Supp.2d 1181, 1187 (D. Kan. 2001) (citation omitted). In a successful § 2255 motion, the "defendant must

---

[1] Section 2255 provides that a "1-year period of limitation" applies, and runs from the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). A defendant's conviction becomes final when his petition for a writ of certiorari with the Supreme Court is denied. *Clay v. United States*, 537 U.S. 522, 532, 123 S.Ct. 1072, 1079 (2003). The Supreme Court denied the petition for writ of certiorari on January 21, 2009. The face page of Petitioner's motion indicates it was "filed" on February 12, 2010. However, the motion includes a declaration that Petitioner placed the motion in the prison mailing system on January 19, 2010. The so-called "mailbox rule" deems a convicted defendant's habeas petition filed when he hands it to the prison authorities. *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379 (1988). Thus, Petitioner's motion is not time-barred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-0169 DOC                                        Date: August 3, 2012
         SACR 05-0124 DOC                                                Page 3

show a defect in the proceedings which resulted in a 'complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305 (1974)). It is important to note that "relief is not available merely because of error that may have justified reversal on direct appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1592 (1982); *United States v. Addonizio*, 442 U.S. 178, 184 99 S.Ct. 2235, 2239 (1979).

### III. Discussion

In his motion, Petitioner seeks to invalidate his sentence on the following grounds: (1) his sentence was unreasonable; (2) a two-level sentence enhancement should not have been applied; (3) the application of the two-level sentence enhancement violated *Booker v. United States*; (4) his criminal history category was improperly calculated; (5) the jury erred in making findings with respect to the amount of methamphetamine; and (6) his counsel rendered ineffective assistance by failing to raise a *Booker* argument and failing to contest Petitioner's criminal history category. Mot. (Dkt. 1).

A number of Petitioner's claims are procedurally-barred, while the remainder fail on the merits. The Ninth Circuit already ruled on Petitioner's first and second claims regarding the reasonableness of his sentence and the application of the sentence enhancement and therefore these issues may not be re-litigated in a § 2255 motion. *See United States v. Ocampo*, 265 Fed. App'x 680, 681 (9th Cir. 2008). Furthermore, Petitioner's third, fourth, and fifth claims regarding *Booker*, his criminal history category, and the jury's findings with respect to the amount of methamphetamine are procedurally defaulted due to Petitioner's failure to raise these issues on direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593 (1982). Finally, though the sixth claim for ineffective assistance of counsel may be considered on its merits, Petitioner has not sufficiently demonstrated constitutionally-deficient performance or resulting prejudice in any instance. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). For these reasons, the Court DENIES Petitioner's motion

### A. Petitioner May Not Raise the Two Claims Already Addressed on Direct Appeal

In disregard of well-established procedural rules pertaining to § 2255 motions, Petitioner attempts to re-litigate claims that were already raised on direct appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-0169 DOC                                      Date: August 3, 2012
        SACR 05-0124 DOC                                                   Page 4

Petitioner argues in his motion that the Court "clearly erred" when it applied a two-level sentence enhancement for possession of a dangerous weapon in connection with the charged offense pursuant to U.S.S.G. § 2D1.1(b)(1). Mot. (Dkt. 1) at 17. This exact claim was also raised in his appeal, where it was rejected by the Ninth Circuit. *Ocampo*, 265 Fed. App'x at 681 ("the district court properly applied a two-level enhancement for possession of a firearm").

      Additionally, Petitioner claims that the Court's imposition of a 292-month sentence was unreasonable and in violation of his due process rights. Once again, this claim was raised on direct appeal and rejected. *Id.* (holding that the Court "followed the appropriate procedures" and "provided sufficient reasons for the sentence"). Upon losing on direct appeal, Petitioner now seeks collateral review of these two claims without making any significant changes in his arguments.

      It is well settled, that "[w]hen a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as a basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000); *cf. United States v. Metzger*, 3 F.3d 756, 758 (4th Cir. 1993) (noting that the "unique interests in judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice" serve as a basis of the § 2255 petition's procedural bar). The Ninth Circuit entertained these identical claims and determined that they both did not have any merit. Accordingly, the Court DENIES the motion to the extent that it is founded on claims that the Court clearly erred in applying a two-level sentence enhancement and that the sentence was unreasonable.

      **B.**    **Petitioner Procedurally Defaulted His Third, Fourth, and Fifth Claims by Failing to Raise Them on Direct Appeal**

      Petitioner is procedurally barred from raising claims in his motion that were never addressed by this Court or the Ninth Circuit. Courts have consistently held that "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. at 165, 102 S.Ct. at 1593; *see also United States v. Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 2239 (1979) ("[Congress] did not purport to modify the basic distinction between direct review and collateral review"); *United States v. Corsentino*, 685 F.2d 48, 50 (2d Cir. 1982) ("emphasizing the importance of finality of criminal judgments of conviction"). The Supreme Court has reasoned that for the purposes of preserving

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-0169 DOC                                              Date: August 3, 2012
        SACR 05-0124 DOC                                                                Page 5

---

judicial resources and the integrity of final judgments, the scope of collateral attacks must be narrowly limited. *Addonizio*, 442 U.S. at 184, 99 S.Ct. at 2239.

### i.    Standard for Excusing Procedural Default

Collateral relief may only be obtained in spite of this double procedural default if a convicted defendant can show both "cause and actual prejudice." *See, e.g.*, *Frady*, 456 U.S. at 167, 102 S.Ct. 1584, 1594; *Davis v. United States*, 411 U.S. 233, 245, 93 S.Ct. 1577, 1584 (1973); *Wainwright v. Sykes*, 433 U.S. 72, 84, 97 S.Ct. 2497, 2505 (1977). "[A] convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Frady*, 456 U.S. at 168, 102 S.Ct. at 1594. This standard is necessary not only to discourage intentional defaults, but also to avoid the costs of federal habeas review, which include "a reduction in the finality of litigation." *See Murray v. Carrier*, 477 U.S. 487, 487, 106 S.Ct. 2639, 2644-45 (1986).

It is unnecessary to determine whether Petitioner suffered actual prejudice because he has not established cause sufficient to excuse his repeated failures to raise these issues when given an opportunity to do so. To establish cause for his three aforementioned claims, Petitioner must show that he could not have known of them during his first appeal and that "some objective factor external to the defense" prevented him from bringing the claim at that time. *Paradis v. Arave*, 130 F.3d 385, 393 (9th Cir. 1997) (citing *Murray v. Carrier*, 477 U.S. at 488, 106 S.Ct. at 3645-46. To this effect, a convicted defendant can establish cause by demonstrating that the legal or factual argument was "so novel" that it was unavailable previously. *Reed v. Ross*, 468 U.S. 1, 16, 104 S.Ct. 2901, 2910 (1984). Alternatively, cause can be established by demonstrating that counsel's performance was constitutionally deficient within the meaning of *Strickland v. Washington*, 466 U.S. 468, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[2]

### ii.    Petitioner is Not Excused for Procedurally Defaulted on his Claims

Petitioner raises three new issues in his motion that could have been, but were not brought on direct appeal. He argues that: (1) the application of the two-level sentence

---

[2] In addition to establishing cause in either manner described above, a defendant may also contend that government actors actually prevented him from raising the claim on direct review. Defendant makes no such claim here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-0169 DOC                                                  Date: August 3, 2012
        SACR 05-0124 DOC                                                                    Page 6

---

enhancement violated *United States v. Booker*, which held that any fact used in the calculation of a defendant's sentence must be found by a jury beyond a reasonable doubt;[3] (2) his criminal history was improperly calculated; and (3) the jury should not have been permitted to find that Petitioner possessed 150 or more grams of methamphetamine. Not one of these three claims were raised on direct appeal. *See Ocampo*, 265 Fed. App'x at 681. Petitioner had an opportunity to raise these issues both during his sentencing and his direct appeal but failed to so, thereby procedurally defaulting these claims.

### 1.     *United States v. Booker*

Petitioner failed to present an argument based on *United States v. Booker* either during his sentencing or on direct appeal. Currently, in his § 2255 motion, he contends that a two-level sentence enhancement was improperly applied because a jury did not make a finding with respect to whether Petitioner had possessed a firearm. Mot. (Dkt. 1) at 22. After conducting a sentencing hearing, the Court determined that Petitioner had possessed a handgun, that Petitioner failed to show that it was clearly improbable that the weapon was connected to the offense, and thus, that a two-level dangerous weapon enhancement was applicable. Opp'n Ex. A (Def.'s Excerpt of Record) No. 05-124 (Dkt. 1022) at 89. Petitioner now argues, for the first time, that *Booker* dictates that the issue of whether he possessed a firearm was a fact that had to be found by a jury, and not by the Court. *See Booker*, 543 U.S. 220, 125 S.Ct. 738. Petitioner procedurally defaulted this claim by failing to object on these grounds at trial and failing to raise this issue on direct appeal. Because Petitioner has not established cause excusing this double procedural default, Petitioner is barred from seeking collateral review of this claim.

Petitioner does not explicitly claim that an argument based on *Booker* was "so novel" that it was unavailable at the time of his direct appeal. *See Reed v. Ross*, 468 U.S. at 16, 104 S.Ct. at 2910. Petitioner's appeal was submitted to the Ninth Circuit in 2008, three years after the Supreme Court's ruling in *Booker v. United States*. *Compare Ocampo*, 265 Fed. App'x 680 (submitted Jan. 14, 2008), *with Booker*, 543 U.S. 220, 125 S.Ct. 738 (decided Jan. 12, 2005). The case law concerning *Booker* was well-established by 2008, but Petitioner challenged the application of the sentence enhancement on different grounds and, for whatever reason, excluded a *Booker* argument from his appeal.

---

[3] 543 U.S. 220, 232, 125 S.Ct. 738, 749 (2005)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-0169 DOC                                              Date: August 3, 2012
        SACR 05-0124 DOC                                                                  Page 7

---

     A petitioner may alternatively establish cause by arguing that his counsel's failure to raise a *Booker* argument constituted ineffective assistance of counsel. As discussed *infra* in Section III.C, Petitioner here fails to establish either that his counsel "made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment," or that he was prejudiced by counsel's error, the two prongs of an ineffective assistance claim. *Strickland v. Washington*, 466 U.S. at 690-92.

     Thus, Petitioner has failed to establish cause by either showing that the argument was "so novel" as to be previously unavailable or that he suffered ineffective assistance of counsel. Accordingly, Petitioner's *Booker* argument relating to the Court's application of the two-level dangerous weapon enhancement is procedurally defaulted. The Court DENIES Petitioner's motion to the extent that it is premised on this argument.

### 2.     Petitioner's Criminal History Category

     Petitioner also contends for the first time that his sentence should be invalidated because two misdemeanor charges were improperly included in the calculation of his criminal history category. This claim was not raised before the Ninth Circuit on direct appeal. *See Ocampo*, 265 Fed. App'x at 681. Other than arguing that his counsel provided ineffective assistance by failing to challenge this calculation, Petitioner offers no justification for his failure to raise this claim earlier. As discussed at length *infra* in Section III.C, Petitioner fails to establish an ineffective assistance claim because, *inter alia*, the criminal history was not in fact improperly calculated. *See* U.S.S.G. § 4A1.2 ("[s]entences for misdemeanor and petty offenses are counted"). Because Petitioner fails to establish cause excusing his procedural default of this claim, the Court DENIES Petitioner's motion to the extent that it is based on the improper calculation of Petitioner's criminal history category.

### 3.     Jury's Findings Regarding the Amount of Methamphetamine

     Petitioner argues that the jury "illegally amended the indictment" by finding that Petitioner possessed 150 grams or more of methamphetamine. Mot. (Dkt. 1) at 25. The Probation Office's December 29, 2005 Pre-Sentence Report relied on this finding in noting that Petitioner faced a mandatory minimum sentence of 10 years because his offense involved 50 grams or more of methamphetamine. Opp'n No. 05-124 (Dkt. 1022)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-0169 DOC								Date: August 3, 2012
    SACR 05-0124 DOC										Page 8

---

at 4. Petitioner relies on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), to assert that a jury may only make findings regarding the drug quantity "charged in the indictment," and consequently, that the jury erred in finding he possessed 150 grams or more when the indictment only charged him with possession of 50 grams or more of methamphetamine. Mot. (Dkt. 1) at 25.

  Regardless of the merits of Petitioner's argument, Petitioner procedurally defaulted this claim by not raising it on direct appeal.[4] Petitioner offers no excuse for why this claim was not raised on direct appeal. As such, the Court DENIES Petitioner's motion to the extent that it is founded on the jury's findings.

### iii. Conclusion Regarding Petitioner's Procedurally Defaulted Claims

  A § 2255 motion was never intended to serve as a convicted defendant's second opportunity for a direct appeal. *See United States v. Addonizio*, 442 U.S. at 184, 99 S.Ct. at 2239. Petitioner was given an opportunity to raise the three claims discussed above on direct appeal but, for whatever reason, did not do so. Outside of his meritless ineffective assistance of counsel claim discussed below, Petitioner has not provided any reason for the Court to excuse his procedural default. Thus, the Court does not consider these procedurally defaulted claims on the merits and DENIES the motion to the extent that it rests on these three claims.

### C. Petitioner Did Not Receive Ineffective Assistance of Counsel

  Petitioner's ineffective assistance of counsel claims are founded on his counsel's failure to raise two arguments: (1) the two-level sentence enhancement was applied in violation of *Booker*; and (2) Petitioner's criminal history category was improperly calculated. In addition to his independent claims of ineffective assistance in violation of his Sixth Amendment rights, Petitioner also relies on his ineffective assistance claim to establish cause excusing his failure to raise these claims before this Court on or direct appeal.

---

[4] The indictment charged Petitioner with possessing "50 grams or more." Mot. (Dkt. 1) at 25; Opp'n No. 05-124 (Dkt. 1022) at 7. If Petitioner's claims were evaluated on the merits, he would almost certainly not be entitled to relief given that the jury's finding of "150 grams or more" is within the scope of the indictment's "50 grams *or more*" language.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-0169 DOC                                Date: August 3, 2012
        SACR 05-0124 DOC                                        Page 9

---

      The standard for evaluating a Sixth Amendment ineffective assistance of counsel claim is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Counsel's performance is constitutionally deficient when it "so undermine[s] the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. A defendant claiming ineffective assistance of counsel bears the burden of demonstrating that, under all the circumstances of his case: (1) "his counsel's performance was so deficient that it fell below an objective standard of reasonableness," and (2) his counsel's deficient performance prejudiced him, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hensley v. Crist*, 67 F.3d 181, 184-85 (9th Cir. 1995) (quoting *Strickland v. Washington*, 466 U.S. at 687-88, 694, 104 S.Ct. at 2064, 2068). An after-the-fact examination of counsel's performance "is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.3d 1251, 1253 (9th Cir. 1987).

      To the extent that Petitioner's ineffective assistance claim is based on his counsel's failure to raise a *Booker* argument either at trial or on direct appeal, Petitioner fails to show that his representation was constitutionally deficient. The Supreme Court has been clear that the "Constitution guarantees criminal defendants only a fair trial and a competent attorney [and] [i]t does not insure the defense counsel will recognize and raise every conceivable constitutional claim." *Engle v. Issac*, 456 U.S. 107, 133-34, 102 S.Ct. 1558, 1574-75. Petitioner's counsel raised a number of reasonable objections to the application of the two-level sentence enhancement both at trial and on direct appeal. *See Ocampo*, 265 Fed. App'x 680. "[D]efense counsel need not be infallible or recognize and raise every possible basis for defense." *Woratzeck v. Ricketts*, 820 F.2d 1450, 1455 (9th Cir. 1987) (vacated on unrelated grounds). Given the highly deferential review of counsel's decisions, the Court finds that Petitioner's counsel did not provide constitutionally-deficient representation by failing to raise a *Booker* argument.

      Petitioner also does not establish that his counsel's failure to challenge his criminal history category constituted constitutionally-deficient assistance of counsel. Importantly, Petitioner *erroneously* alleges that his criminal history category was improperly calculated. He contends that the probation office relied on past arrests rather than past convictions, a claim that is belied by Petitioner's own admission that "the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-0169 DOC                                       Date: August 3, 2012
           SACR 05-0124 DOC                                       Page 10

---

Probation Officer relied on prior charges." Mot. (Dkt. 1) at 26. Furthermore, Petitioner contends that misdemeanor convictions cannot be a basis for calculating a criminal history category, an assertion explicitly rejected by the Federal Sentencing Guidelines. *See* U.S.S.G. § 4A1.2 ("[s]entences for misdemeanor and petty offenses are counted"). Thus, the evidence supports the conclusion that Petitioner's criminal history category was correctly calculated. *See Clark v. Collins*, 19 F.3d 959, 965 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."). Counsel's decision not to object to Petitioner's criminal history category was most likely a prudent choice, and certainly does not constitute wholly deficient assistance of counsel.

       Petitioner fails to establish that his counsel was constitutionally-deficient either at trial or on appeal. The Court need not reach the issue of actual prejudice because it finds that counsel adequately met his obligations as "'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. at 688, 104 S.Ct. at 2064. Because the Court finds that Petitioner did not receive ineffective assistance of counsel, he cannot excuse his procedural default on these grounds, as discussed *supra* in Sections III.C.i-ii. *Cockett v. Ray*, 333 F.3d 938, 944 (9th Cir. 2003) ("Attorney ignorance or inadvertence does not constitute 'cause' unless it rises to the level of constitutionally ineffective assistance of counsel.").

       **D.**      **Certificate of Appealability**

       Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts reads as follows:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-0169 DOC                                           Date: August 3, 2012
          SACR 05-0124 DOC                                            Page 11

      (b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

      Under 28 U.S.C. § 2253(c)(2), a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." The Supreme Court has held that this standard means a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 542 (2000) (internal quotation marks omitted).

      Here, Petitioner has not made the requisite showing with respect to any of the constitutional claims in the Petition. Accordingly, a Certificate of Appealability is denied.

## IV.    Disposition

      For the reasons stated above, the Court DENIES Petitioner's motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255. Additionally, the Court DENIES to issue a Certificate of Appealability.

MINUTES FORM 11
CIVIL-GEN                                                                                                             Initials of Deputy Clerk: jcb